**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| DANIEL KENNEDY, *et al.*,   )<br>                                                      )<br>                               Plaintiffs,   )<br>                                                      )<br>vs.                                                 )<br>                                                      )<br>MI WINDOWS AND DOORS, INC.,   )<br>                                                      )<br>                               Defendant.   )<br>_____ ) | No. 2:12-mn-1-DCN<br>No. 2:12-cv-2305-DCN<br><br>**ORDER** |

This matter is before the court on a motion to dismiss brought by defendant MI Windows and Doors, Inc. (MIWD). MIWD also moves to strike the equitable tolling pleadings included in Kennedy's amended complaint. For the reasons stated below, the court dismisses the amended complaint without prejudice and denies the motion to strike.

## I.  BACKGROUND

On March 9, 2012, plaintiff Daniel Kennedy filed a class action complaint against MIWD in the United States District Court for the Northern District of Illinois, alleging jurisdiction based on diversity of citizenship. At the hearing scheduled before this court on September 19, 2012, the parties agreed that the complaint should be dismissed and that Kennedy should be permitted to amend his complaint. The court granted Kennedy's motion for leave to amend, and Kennedy amended his complaint on October 3, 2012.

The amended complaint brings the following five claims: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("the ICFA"); (2) common law fraud by omission; (3) negligence; (4) fraudulent concealment; and (5) declaratory relief. Kennedy's amended complaint also states that MIWD should be

1

estopped from relying on any statute of limitation defense because MIWD has known of its windows' defects for years and has failed to disclose or remedy those defects.

Kennedy alleges that MIWD designed, manufactured, marketed, and sold certain windows – from its 3500, 4300, 8500 and similar series – that were defective. Am. Compl. ¶ 2. Kennedy alleges that these windows contained a defect that resulted in a loss of seal at the glazing bead at the bottom of the glass. Id. ¶ 4. He also claims that the defective seal allows water to seep both into the windows themselves and into the interior of the homes in which the windows are installed. Id. ¶ 5. Kennedy asserts that the defective windows have caused damage to "adjoining finishes, walls and other property" within the homes of affected class members. Id. ¶ 6.

Kennedy brings his amended complaint on behalf of the following classes:

**ICFA Class**

All persons and entities that own a structure located within the State of Illinois in which MIWD's 8500/4300/3500 and similar series of vinyl windows are installed, who have not had their windows replaced or been compensated for their losses in full by Defendant, and who are not covered by the terms of Defendant's express warranty.

**Declaratory Relief Class**

All persons and entities that own a structure located within the State of Illinois in which MIWD's 8500/4300/3500 and similar series of vinyl windows are installed.

Id. ¶ 13.

MIWD filed its motion to dismiss the amended complaint on October 18, 2012. The parties have fully briefed the motion, and argued the merits of it during a hearing held on November 29, 2012. The motion is ripe for the court's review.

## II.  STANDARDS

### A.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  Meriwether v. Faulkner, 821 F.2d 408, 410 (7th Cir. 1987).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief."  Id. at 679.  A complaint must contain sufficient factual allegations in addition to legal conclusions.  Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  The Seventh Circuit requires that a plaintiff "provide some specific facts to support the legal claims asserted in the complaint."  McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011).  "The degree of specificity required is not easily quantified, but the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."  Id. (relying on Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010)).

### B. Applicable Law

This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1448 (2010) (citing Hanna v. Plumer, 380 U.S. 460, 465 (1965)). For diversity cases that are transferred in an MDL, "the law of the transferor district follows the case to the transferee district." Manual for Complex Litigation (Fourth) § 20.132 (2004). Therefore, this court must apply Illinois substantive law and federal procedural law.

### III. DISCUSSION

MIWD seeks to dismiss all counts of Kennedy's complaint, and to strike Kennedy's request for equitable tolling of the statute of limitations.

#### 1. Count I – Violation of the ICFA

MIWD argues that Count I must be dismissed because Kennedy has not properly alleged that any class members received deceptive communications from MIWD. MIWD also contends that Rule 9(b) requires that Kennedy allege when, how, where, and by whom the deceptive communications were made. Kennedy counters that his ICFA claim need only meet the more liberal pleading standards of Rule 8 because he alleges that MIWD engaged in unfair, rather than deceptive, conduct.

##### a. Kennedy has not adequately pled the elements of an ICFA claim.

To state a claim under the Consumer Fraud Act, a plaintiff must allege:

> (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception.

De Bouse v. Bayer, 922 N.E.2d 309, 313 (Ill. 2009). To maintain such an action, "the plaintiff must actually be deceived by a statement or omission that is made by the defendant." Id. at 316.

While Kennedy states that MIWD marketed its windows through various forms of media, Am. Compl. ¶ 21, he does not allege that he – or other class members – ever heard those advertisements. Furthermore, as a subsequent purchaser of his home, Kennedy did not purchase windows directly from MIWD. The amended complaint states:

> The concealment, suppression, or omission of the material defects of the Windows constitute concealment, suppression, or omission of material facts, as Plaintiff, Plaintiff's builder, Class Members, ***and/or*** Class Members' builders would not have purchased the Windows if they had known or been informed by MIWD that the Windows were defective.

Am. Compl. ¶ 51 (emphasis added). This allegation is conclusory and lacks detail regarding how Kennedy was actually deceived by MIWD's statements or omissions. Without allegations that Kennedy heard deceptive advertisements and purchased the windows, the court cannot discern how Kennedy could have been deceived by MIWD's statements.[1]

### b. Kennedy has not pled his ICFA claim with sufficient specificity.

The ICFA declares unlawful:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment,

---

[1] Kennedy relies on two cases to support his argument that his ICFA claims are proper. Those cases can be readily distinguished from the present case. In both Saltzman v. Pella Corp., No. 06-4481, 2007 WL 844883 (N.D. Ill. Mar. 20, 2007) and Pappas v. Pella Corp., 844 N.E. 2d 995 (Ill. Ct. App. 2006), the plaintiffs had purchased their allegedly defective windows directly from the defendant window manufacturer. In this case, where Kennedy did not purchase the windows, his amended complaint fails to describe how Kennedy could have been deceived and harmed by MIWD's deceptive acts and omissions.

5

>suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact.

815 Ill. Comp. Stat. Ann. 505/2 (1961). A plaintiff alleging fraud or deception under the ICFA must comport with the pleading standards of Rule 9(b), pleading with particularity circumstances such as "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., 536 F.3d 663, 668 (7th Cir. 2008) (internal quotation marks and citations omitted); see also Pirelli Armstrong Tire Corp. v. Walgreen Co., No. 09-2046, 2010 WL 624709, at *5-6 (N.D. Ill. Feb. 18, 2010). A plaintiff alleging unfair conduct under the ICFA, however, need only comply with the more liberal pleading standards of Rule 8(a). Windy City, 536 F.3d at 670. When one count of a complaint "refers to both unfair practices and fraud under the ICFA, the Court must determine whether the gravamen of the Amended Complaint is in fraud or in unfairness." Pirelli, 2010 WL 624709, at *6 (finding that plaintiff's allegations of "fraud, deception, and unscrupulousness raise the very concerns that Rule 9(b) seeks to protect in requiring particularity").

Kennedy's amended complaint alleges that that MIWD's actions constituted both unfair practices and deceptive practices. Am. Compl. ¶¶ 50, 58. As a result, the court must determine whether the gravamen of Kennedy's amended complaint is in fraud or unfairness. Kennedy himself admits that the focus of Count I is his allegation that MIWD has committed deceptive practices. Pl.'s Resp. to Mot. to Dismiss 6 ("The 'material fact' that Plaintiff alleges is MIWD's '*concealment by silence*' . . . . [C]oncealment by silence constitutes a deceptive act or practice under the ICFA."). As a

result, Count I of the amended complaint must meet Rule 9(b)'s heightened pleading standards.  It fails to do so.  The relevant pleadings of the amended complaint articulate neither the identity of the person who made the misrepresentation to Kennedy, the method by which the misrepresentation was communicated, nor the time, place and content of the misrepresentation.  As noted above, the amended complaint also fails to allege that Kennedy – or purported class members – ever heard MIWD's allegedly deceptive advertisements.

Even if Count I were subject to the more liberal Rule 8 pleading standards, it would still fail.  Kennedy's allegations lack the detail required by Iqbal and Twombly, and the court need not accept them as true on this motion to dismiss.

For these reasons, Count I of the amended complaint will be dismissed without prejudice.

### 2. Counts II and IV – Common Law Fraud by Omission and Fraudulent Concealment

MIWD contends that Kennedy's fraud claims must be dismissed as a matter of law because Kennedy fails to allege that MIWD had any fraudulent transaction with Kennedy, and because Kennedy has failed to meet Rule 9(b)'s pleading standards.

To maintain a claim of fraud by omission or fraudulent concealment in Illinois, a plaintiff must show:

> 1) concealment of a material fact; 2) with the intent to deceive; and 3) that he was unaware of the concealed fact and would have acted differently had he known it.  The defendant's failure to disclose the material fact must occur under circumstances which create a duty to speak. A fiduciary or other special relationship creates a duty to speak.

Noah v. Enesco Corp., 911 F. Supp. 299, 303 (N.D. Ill. 1995) (internal citations omitted).

As discussed above, the complaint does not allege specific facts that detail fraudulent transactions between MIWD and Kennedy. Furthermore, as Kennedy has not alleged that he conducted any transaction at all with MIWD, he has failed to allege that he had any special relationship with MIWD that would have given MIWD a duty to speak.

As a result, the court will dismiss without prejudice Counts II and IV, Kennedy's common law fraud claims.

### 3.    Count III – Negligence/Negligent Design

MIWD argues that Kennedy's negligence claim, like his fraud by omission claim, is barred by the economic loss doctrine. Kennedy counters that he has properly pled damage to other property, including other personal property, which is not covered by the economic loss rule.

The Illinois Supreme Court has held that plaintiffs may not recover in tort for purely economic losses. Moorman Mfg. Co. v. Nat'l Tank. Co., 435 N.E.2d 443, 448 (Ill. 1982). "Economic losses" include:

> [D]amages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits – without any claim of personal injury or damage to other property[,] as well as the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold.

Id. at 449. Plaintiffs may recover in tort for damage to "other property," but this exception to the economic loss rule does not apply "when a defective product causes the type of damage one would reasonably expect as a direct consequence of the failure of the defective product." Trans States Airlines v. Pratt & Whitney Canada, Inc., 682 N.E.2d 45, 58 (Ill. 1997) (barring recovery for damage to an aircraft's frame caused by a defective engine when the aircraft frame and engine were purchased together, as an

airplane); see also Mars, Inc. v. Heritage Builders of Effingham, Inc., 763 N.E.2d 428, 438 (Ill. Ct. App. 2002) (barring recovery for the collapse of a warehouse frame during construction when the parties bargained for the construction of an entire warehouse).

Kennedy argues that "[a]t the very least, the damage to Plaintiff's 'adjoining finishes, walls and other personal property' ([Am. Compl.] ¶ 6) as a result of the defective Windows constitutes 'other property' damage." Pl.'s Resp. 21. Kennedy misquotes his own amended complaint, which nowhere includes the phrase "personal property." Indeed, the paragraph to which Kennedy cites states that MIWD's defective windows caused damage to "adjoining finishes, walls, and other property," not "other personal property." Am. Compl. ¶ 6. The amended complaint also alleges that the water leakage from the defective windows has caused mold, mineral, and microbial contamination inside Kennedy's home. See, e.g., id. ¶¶ 22, 77.

Kennedy's negligence claim, as it is articulated in the amended complaint, cannot survive. The damage that Kennedy has explicitly alleged – damage to walls, adjoining finishes, and other property – is damage that falls within the scope of Illinois's economic loss rule.[2]

---

[2] Kennedy relies on Board of Education of Chicago v. A, C, & S, Inc., 548 N.E.2d 580 (Ill. 1989), for the proposition that contamination of a building and its contents constitutes damage to "other property" that falls outside of the economic loss rule. Because his home has been contaminated by mold and microbial growth, Kennedy argues that his losses are not purely economic. A, C, & S, however, is distinguishable from the instant case. A, C, & S involved the mandatory removal of asbestos from public school buildings, as required by Illinois state law. Id. at 584. While reasserting the validity of the economic loss doctrine, the Illinois Supreme Court concluded that "it would be incongruous to argue there is no damage to other property when a harmful element exists throughout a building or an area of a building *which by law must be corrected* and at trial may be proven to exist at unacceptably dangerous levels." Id. at 588 (emphasis added). Unlike the plaintiffs in A, C, & S, Kennedy is not required by law to remove the mold or microbial growth from his home. As the A, C, & S court cautioned,

> The nature of the "defect" and the "damage" caused by asbestos is unique from most of the cases we have addressed. . . . [T]he holding in this case should not be

The court will dismiss Count III, Kennedy's negligence claim, without prejudice.

### 4. Count V – Declaratory Relief

MIWD argues that Kennedy's claim for declaratory relief cannot stand because there is no basis for providing such relief, and because the relief Kennedy seeks can be addressed through substantive tort or contract law claims.

The Declaratory Judgment Act states that

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C.A. § 2201. The Declaratory Judgment Act is intended to help parties resolve legal disputes before either party can seek or has sought a coercive remedy through the courts. 10B Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 2751 (3d ed. 1998).

Kennedy has styled his request for declaratory relief as a separate count of the complaint. He asks the court to declare that MIWD's windows are defective and that certain provisions of MIWD's warranty are void as unconscionable. Compl. ¶¶ 96(a)-(b). Kennedy also asks the court to grant several forms of relief, including ordering MIWD to reassess all prior warranty claims and pay the full cost of repairs and damages. Id. ¶ 96(e).

Declaratory relief is inappropriate at this stage, as the merits of Kennedy's substantive claims have not been adjudicated. See, e.g., F.D.I.C. v. OneBeacon Midwest Ins. Co., --- F. Supp. 2d ---, 2012 WL 2814393, at *4 (N.D. Ill. July 10, 2012)

---

    construed as an invitation to bring economic loss contract actions within the sphere of tort law through the use of some fictional property damage.

Id.

(dismissing a declaratory relief claim that raised the same issue as a substantive legal claim already before the court); Vill. of Sugar Grove v. F.D.I.C., No. 10-cv-3562, 2011 WL 3876935, at *9 (N.D. Ill. Sept. 1, 2011) ("We have discretion to decline to hear a declaratory judgment action and courts have exercised that discretion where a plaintiff seeks a declaratory judgment that substantially overlaps it substantive claims") (internal citations omitted); Monster Daddy LLC v. Monster Cable Prods., Inc., No. 10-1170, 2010 WL 4853661, at *6 (D.S.C. Nov. 23, 2011) (dismissing three declaratory relief counterclaims because they "raise the same legal issues that are already before the court").

Count V of Kennedy's amended complaint will be dismissed without prejudice.

### 5. Estoppel from Pleading and Tolling of Applicable Statutes of Limitation

Finally, MIWD asks the court to strike Kennedy's request for equitable tolling of the statute of limitations. "Federal courts have typically extended equitable relief only sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Moreover, if the facts pleaded in a complaint demonstrate that a claim is time-barred by a statute of limitation, "a bare allegation of fraudulent concealment, without more, will not save the claim." Logan v. Wilkins, 644 F.3d 577, 582-82 (7th Cir. 2011); see also Flood v. Wash. Square Rest., Inc., No. 12-cv-5729, 2012 WL 5996345, at *4 (N.D. Ill. Nov. 30, 2012).

The court finds it unnecessary to strike the allegations regarding equitable tolling from the complaint, since all counts of the complaint will be dismissed without prejudice. At this time, the court denies MIWD's request to strike.

11

## IV.  CONCLUSION

Based on the foregoing, the court **GRANTS** defendant's motion to dismiss; **DISMISSES** all counts of the amended complaint **WITHOUT PREJUDICE**; and **DENIES** defendant's motion to strike.  Plaintiff shall have leave to re-file an amended complaint within 20 days of the filing of this order, or else the clerk will be directed to close this case.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 24, 2013**
**Charleston, South Carolina**

12